Terry Allen YINGST, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16289.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1971.

Preston C. Clarke, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., S. M. Fallis, Dist. Atty., Tulsa, for defendant in error.

PER CURIAM:

Plaintiff in Error, hereinafter referred to as "Defendant" filed an Application for Post Conviction Relief under 22 O.S.Supp. 1970, § 1080, in the District Court of Tulsa County and has perfected an appeal from the judgment denying relief. 22 O.S. Supp.1970, § 1087.

Defendant was attacking the Judgment and Sentence entered on August 4, 1970, in the District Court of Tulsa County, Case No. CRF–70–623, sentencing him to eighteen (18) months on a plea of guilty to unlawful possession of a stolen vehicle. Defendant was represented by Attorney Jim Frasier on the plea and no appeal was taken.

The Application for Post Conviction Relief, filed by new counsel, Preston Clarke, alleged Defendant, age 19, needs rehabilitation, not penal confinement, which could be achieved with probation. Defendant sought to have the Judgment and Sentence set aside with Defendant placed on probation conditioned upon psychiatric treatment at the Tulsa Children's Medical Center.

Defendant urged he was stating a claim under the Post Conviction Act, 22 O.S. Supp.1970, § 1080(d):

"(d) that there exists evidence of material facts, not previously presented and

heard, that requires vacation of the conviction or sentence in the interest of justice;"

The material facts "not previously presented and heard" was evidence of Defendant's "frustration, anxiety, depression, and instability" caused by his parental environment which was not raised before sentencing on the plea. Defense counsel's claim is not that Defendant was mentally incompetent to enter a plea, stating "we do not have to prove that he didn't know right from wrong" under the Post Conviction Act. The Application came on for hearing on August 26, 1970. After hearing testimony of four witnesses and receiving several exhibits regarding Defendant's stability and home conditions the District Court denied relief.

Regarding the procedure herein, Defendant has filed a Motion for Judgment on the pleadings and a Motion for Summary Judgment citing the failure of the State to file a response brief. However, neither the petition in error nor any of Defendant's motions indicate service of these instruments upon either the Attorney General or the District Attorney. Counsel, in appealing a post conviction relief judgment, should always serve the respondent party with copies of his filings.

■ It should also be noted that Defendant failed to include in the record a copy of the district court judgment denying post conviction relief, although the denial of relief is reflected in the included transcript of the district court proceedings. The Post Conviction Procedure Act expressly requires the trial court in disposing of an application to enter an order stating the court's findings and conclusions on the issues presented. This order is a final judgment. 22 O.S.Supp.1970, §§ 1083 and 1084. It is from this judgment that an appeal is taken. 22 O.S.Supp.1970, § 1087. It is, therefore, necessary that an authenticated copy of the judgment be included with the Petition in Error or the record. This burden is on the party initiating the appeal.

■ Procedure aside, we find no basis in the record herein to reverse the judgment of the district court denying post conviction relief. Counsel has presented a very persuasive case in favor of placing defendant on probation for psychiatric treatment. The evidence was sufficient to justify the trial court if it had set aside the sentence of imprisonment and placed Defendant on probation. However, the trial court acted in its discretionary authority. Placing a defendant on probation is a matter addressed to the sentencing court. 22 O.S.Supp.1970, § 991a, § 991c, § 994. We find no errors requiring reversal. Accordingly, the Tulsa County District Court judgment denying post conviction relief is affirmed.