IN RE REVISON OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE REVISON OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE REVISON OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS
2018 OK CR 1
Case Number: CCAD-2018-1
Decided: 02/05/2018
IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS

Cite as: 2018 OK CR 1, __ __

 

ORDER REVISING AND REPUBLISHING PORTION
OF THE RULES OF THE COURT OF CRIMINAL APPEALS
¶1 We find that revision of Rule 5.2 and Rule 5.3(B) of the Rules for the Oklahoma Court of Criminal Appeals is necessary for the timely preparation of the record on appeal in post-conviction appeals. Pursuant to the provisions of Section 1051(b) of Title 22 of the Oklahoma Statutes, we hereby revise, adopt, promulgate and republish portions of the Rules of the Oklahoma Court of Criminal Appeals, 22 O.S., Ch. 18, App. (2018), as set forth as follows:
SECTION V. PROCEDURES FOR APPEALING FINAL JUDGMENT
UNDER POST-CONVICTION PROCEDURE ACT
Rule 5.2 Appeal from Final Judgment
A. Final Judgment on Post-Conviction Application. The appeal to this Court under the Post-Conviction Procedure Act constitutes an appeal from the issues raised, the record, and findings of fact and conclusions of law made in the District Court in non-capital cases. See Yingst v. State, 1971 OK CR 35, ¶¶ 6-7, 480 P.2d 276, 277 (Okl.Cr.1971). For appeal out of time see Rule 2.1(E).
B. Stay of Execution of Judgment Pending Appeal. The District Court may stay the execution of its judgment upon the filing of a verified motion to stay execution of the judgment pending appeal within ten (10) days from the date of the entry of the judgment. If the motion is granted, the party granted the stay shall file a certified copy of the petition in error in the District Court within five (5) days after the filing of the petition in error in this Court to ensure the District Court is notified of the perfecting of the appeal. See Section 1087 of Title 22. For capital cases, see Section IX of these Rules and Section 1089 of Title 22.
C. Petition in Error, Briefs and Record.
(1) The party desiring to appeal from the final order of the District Court under Section V of these Rules MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court within tentwenty (1020) days from the date the order is filed in the District Court. See Rule 9.7 for post-conviction procedures in capital cases. The filing of the Notice of Post-Conviction Appeal in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal. 
(2) A petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED must be filed with the Clerk of this Court. The petition in error shall state the date and in what District Court the Notice of Post-Conviction Appeal was filed. If the post conviction appeal arises from a misdemeanor or regular felony conviction, the required documents must be filed within thirtysixty (360) days from the date the final order of the District Court is filed with the Clerk of the District Court. If post-conviction application is from a capital conviction, the documents must be filed within the time set in Section 1089 of Title 22 and Rule 9.7.
(3) The brief shall not exceed thirty (30) typewritten 8-1/2 by 11-inch pages in length. See Rule 9.7 (A)(4) for page limits in capital cases.
(4) This Court may direct the other party to file an answer brief, if necessary. However, the respondent is not required to file an answer brief unless directed by the Court.
(5) Failure to file a petition in error, with a brief, within the time provided, is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for this Court to consider the appeal.
(6) The record on appeal of a denial of post-conviction relief shall be transmitted by the Clerk of the District Court in accordance with the procedure set forth in Rule 2.3(B), but within the time requirements set forth in Rule 5.3. The record to be compiled by the Clerk of the District Court and transmitted to the Clerk of this Court is limited to the following:

(a) The Application for Post-Conviction Relief presented to the District Court and response, if filed by the State;
(b) The Findings of Fact and Conclusions of Law entered by the District Court, setting out the specific portions of the record and transcripts considered by the District Court in reaching its decision or setting forth whether the decision was based on the pleadings presented, and which includes a certificate of mailing. See Rule 5.3;
(c) The record of the evidentiary hearing conducted, if held;
(d) Supporting evidence presented to the District Court;
(e) Copies of those portions of the record and transcripts considered by the District Court in adjudicating the issues presented in the application for post-conviction relief as set forth in the findings of fact and conclusions of law entered by the District Court; and
(f) A certified copy of the Notice of Post-Conviction Appeal filed in the trial court.
PROVIDED HOWEVER, in capital cases the clerk of the District Court shall file the records as required by this Court in accordance with Section 1089 of Title 22 and Section IX, if this Court directs an evidentiary hearing to be held.
(7) Rule 3.11 applies to any request to supplement the record in an appeal of a denial of post-conviction relief in non-capital cases, to include allegations of ineffective assistance of appellate counsel.
(8) The party filing the petition in error shall be known as the petitioner. The party against whom the appeal is taken shall be known as the respondent.
(9) The Notice of Post-Conviction Appeal Form required by Rule 5.2(C)(1) shall be in substantial compliance with the following language:
The Petitioner gives notice of intent to appeal the order granting/denying application for post-conviction relief entered in the District Court of __________ County, on the ______ day of ________, 20__, arising from District Court Case No. ________. The Petitioner requests the preparation of the record on appeal as required by Rule 5.2(C)(6).
(10) Form 13.4, Section XIII, shall not be utilized in appeals from a granting/denial of post-conviction relief and the Clerk of the District Court shall not be required to accept for filing or act upon any pleading which does not comply with Rule 5.2 (C)(6) and (9).
 
Rule 5.3 Duties of Court Clerks and Court Reporters
A. The court clerk shall on the same day that the order granting or denying post-conviction relief is filed in the District Court, mail to petitioner or counsel of record for the post-conviction proceedings, a file-stamped certified copy of the order of the District Court setting out findings of fact and conclusions of law granting or denying the application. The Court Clerk shall include a certificate of mailing with the order, which shall also be made a part of the record of the case.
B. 1. Upon receipt of the Notice of Post-conviction Appeal, the Clerk of the District Court shall compile two certified copies of the record on appeal as defined by Rule 5.2(C)(6), and ensure the Notice of Completion of record is filed with this Court within thirty (30) days of the filing of the order granting or denying post-conviction reliefNotice of Post-conviction Appeal, unless an extension is requested by the court clerk and granted by this Court.
2. When an evidentiary hearing is held in a non-capital case pursuant to Section 1084 of Title 22 and a Notice of Post-conviction Appeal is filed with the court clerk and served on the court reporter within tentwenty (1020) days of the filing of the order granting or denying post-conviction relief, the court clerk and court reporter shall ensure the record and transcript of the proceedings on the application are completed and Notice of Completion of Record is filed with this Court within thirty (30) days of the filing of the orderNotice of Post-conviction Appeal. Except for the specific time requirements of this Rule, the provisions of Rule 2.3(B) apply.
¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that these corrections shall become effective on the date of this order.
¶3 IT IS SO ORDERED.
¶4 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 5th day of February, 2018.
 
/s/GARY L. LUMPKIN, Presiding Judge
/s/DAVID B. LEWIS, Vice Presiding Judge
/s/ROBERT L. HUDSON, Judge
/s/DANA KUEHN, Judge
/s/SCOTT ROWLAND, Judge
ATTEST:
/s/John D. Hadden
Clerk




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA